IN THE UNITED STATES DISTIRCT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

ARCH INSURANCE COMPANY

    Plaintiff,

v.                                                  NO.:

CAD ENGINEERING RESOURCES
d/b/a CER GROUP NORTH AMERICA
CORPORATION and RAYMOND LEE WAGNER, JR.

    Defendants.

## PETITION FOR DECLARATORY RELIEF

Petitioner Arch Insurance Company (hereinafter referred to as "Arch") by and through counsel, seeks a declaration that it has no duty to indemnify or defend CAD Engineering Resources, Inc. d/b/a CER Group, North America Corporation (hereinafter referred to as "CER") as an insured under a policy of insurance issued by Arch by reason of fact that claims made against CER in connection with a particular incident are specifically excluded under the subject policy. For its Petition for Declaratory Judgment, Arch Insurance Company states to the Court:

### PARTIES

1. Petitioner Arch Insurance Company (Arch) is a Missouri Corporation with its principal place of business located at 300 Plaza Three, Jersey City, NJ.

2. Respondent CAD Engineering Resources, Inc. d/b/a CER Group North America Corporation (CER) at all times relevant is a corporation actively engaged in business in the State of Tennessee with a principal place of business at 6670 Burroughs, Sterling Heights, Michigan 48314 and can be served through its registered agent for service of process Jerome Masakowski.

3. Respondent Raymond Lee Wagner Jr. is a resident and citizen of Charleston County, South Carolina. Mr. Wagner was a resident and citizen of Robertson County, Tennessee at the time he was injured while working at a plant in Springfield, Tennessee as set forth in paragraphs 9 and 18 herein.

## JURISDICTION AND VENUE

4. Petitioner brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

5. This court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and cost.

6. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events and the omissions giving rise to this claim occurred in this judicial district.

## GENERAL ALLEGATIONS

7. On about March 1, 2013 Arch issued a Commercial General Liability Insurance Policy to CER policy number SPPKG0042501. The Policy had a term of 12 months beginning on the effective date of March 1, 2013. A copy of the policy is attached hereto as Exhibit A.

8. On or about March 1, 2013 Arch issued a Commercial Excess Liability Insurance Policy to CER, policy number SPFXS0042501. The Excess Policy had a term of 12 months beginning on the effective date of March 1, 2013. A copy of the Excess Policy is attached hereto as Exhibit B.

9. Respondent Wagner has alleged that on or about August 1, 2013 he was injured while working at a plant owned by International Automotive Components Group North America,

Inc., (hereinafter referred to as "IAC") which manufactures automobile components. Wagner filed suit against CER in the Circuit Court of Robertson County, Tennessee Docket Number 74CC1-2014-CV-303. The case was removed to the United States District Court for the Middle District of Tennessee Docket Number 3:14-cv-1831. (The " Original Underlying Complaint")

10. Arch denied and disclaimed all coverage for the claims which formed the basis of the "Original Underlying Complaint".

11. In its denial Arch requested that should the "Original Underlying Complaint" be amended, that CER provide a copy of the same to Arch immediately.

12. Despite the fact that CER never notified Arch of an Amended Complaint, Arch subsequently learned that an Amended Complaint (hereinafter referred to as the "Amended Underlying Complaint") was filed by Wagner. A copy of the Amended Underlying Complaint is attached hereto as Exhibit C.

13. In the "Amended Underlying Complaint" Wagner alleges that he was an employee of TrueBlue, Inc. d/b/a Labor Ready (hereinafter referred to as "TrueBlue").

14. TrueBlue is a company which provides workers to other businesses on a temporary basis.

15. On or about January 31, 2013 CER and IAC entered into a contract whereby CER provided staffing services to IAC. A copy of the contract is attached hereto as Exhibit D.

16. On or about August 1, 2013 IAC was a client of CER.

17. In the "Amended Underlying Complaint" Wagner alleges that TrueBlue entered into a contract with CER and/or IAC to provide services to IAC. (A copy of the contract is attached/included in Exhibit D attached hereto.)

18. In the "Amended Underlying Complaint" Wagner alleges that he was injured while performing work alongside an employee of CER and/or IAC at IAC's plant in Springfield, Tennessee.

19. In the "Amended Underlying Complaint" Wagner alleges that he was injured while placing material into a mold press at IAC's plant in Springfield, Tennessee.

20. Wagner alleges that CER was negligent when it negligently hired the IAC/CER employee who operated the mold press, failed to train the employee who operated the mold press; failed to inform its employee of his duties and responsibilities; failed to adequately warn Plaintiff of the dangers at the worksite; and failed to provide a safe environment.

21. The "Amended Underlying Complaint" seeks compensatory damages for the injuries caused by the alleged negligence of CER.

22. CER has not made a demand on Arch that it defend and/or indemnify it in connection with claims asserted in the "Amended Underlying Complaint."

23. Without waiving and excusing any of CER's duties under the policy and reserving all rights granted to Arch, Arch offered to defend CER under a reservation of rights for the claims which form the basis of the "Amended Underlying Complaint" despite the fact that CER did not forward/demand or tender the "Amended Underlying Complaint" to Arch.

24. Wagner was furnished to CER by TrueBlue to meet seasonal or short term workload conditions.

25. Additionally and/or in the alternative, on August 1, 2013 Wagner was furnished by or on behalf of CER to IAC to meet the workload conditions of IAC.

**THE COMMERCIAL GENERAL LIABILITY POLICY**

26. The Arch policy provides coverage, under **SECTION 1-COVERAGES.**

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY in part as follows:

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies... However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply...

    b. This insurance applies to "bodily injury" and "property damage" only if:

        1) The bodily injury or property damage is caused by an "occurrence" that takes place in the coverage territory.

27. The Arch policy contains the following exclusions:

    **2. Exclusions,**

    This insurance does not apply to:

    d. **Worker's Compensation And Similar Laws**

    Any obligation of the insured under a worker's compensation, disability benefits or unemployment compensation law or any similar law.

    e. **Employer's Liability**

    "Bodily injury" to:

    1) An employee of the insured arising out of and in the course of:

        a) Employment by the insured; or

        b) Performing duties related to the conduct of the insured's business;...

    This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury...

LSS501.19179 / MGD-CHC
Case 3:15-cv-00626   Document 1   Filed 06/05/15   Page 5 of 11 PageID #: 5

28. The Arch policy contains **SECTION V- DEFINITIONS** which includes the following definitions:

> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> 5. "Employee" includes a "leased worker." Employee does not include a "temporary worker."
>
> 10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> 19. "Temporary worker" means person who is furnished to you to substitute for a permanent employee on leave or to meet seasonal or short term workload conditions.

29. The Arch policy contains **ENDORSEMENT 00GL0552 00 04 09** which provides in part as follows:

> **STAFFING SERVICES LIABILITY - - SPECIAL PROVISONS**
>
> This Endorsement applies to the following forms:
>
> COMMERICAL GENERAL LIABILITY COVERAGE FORM
>
> B) The following exclusions are added under **SECTION 1- COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** paragraph **2. Exclusions** and **COVEERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** paragraph **2. Exclusions.**
>
> **Employer's or Other Worker Related Liability**
>
> This insurance does not apply to any damages, loss, cost, or expense arising out of any injuries sustained by any:
>
> 1. "Employee" of the insured arising out of and in the course of:

LSS501.19179 / MGD-CHC
Case 3:15-cv-00626   Document 1   Filed 06/05/15   Page 6 of 11 PageID #: 6

a) Employment by the insured; or

   b) Performing duties related to the conduct of the insured's business

2. "PEO worker"
3. "Staffing Services worker"

4. "Temporary Worker"...

This exclusion applies regardless of the capacity in which the insured may be liable and to any obligation to share any damages, loss, cost, or expense with or to repay any person or organization who must pay any damages, loss, cost, or expense because of any of the foregoing.

Subparagraph 1. above does not apply to the liability for damages for "bodily injury" (to which this insurance applies) assumed by the insured under an "insured contract", unless the person sustaining such injury or damage is also described in subparagraph 2. above.

C. Under **SECTION V-DEFINITIONS**, Definition 9. "Insured contract" is amended by the addition of the following:
"Insured contract" does not include that part of any contract or agreement in which liability is assumed for any injury or damage sustained by any "PEO worker".

D. Under **SECTION V –DEFINITIONS**, the following definitions are added and apply to this endorsement:

   1. "PEO" means Professional Employer Organization.

   2. "PEO worker" means a person who is an "employee" of the insured and who is also an "employee" of a client of the insured by reason of a contract or agreement with a client of the insured.

   3. "Staffing Services worker" is a person (whether or not an "employee") who is furnished at any time by or on behalf of the insured to a client of the insured to meet the workload conditions of such client.

All other terms and conditions of the policy remain unchanged.

# THE EXCESS POLICY

30. The Arch Excess Policy contains the Commercial Excess Liability Coverage Form which provides in part:

### COMMERCIAL EXCESS LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Other words and phrases that appear in quotation marks in this Coverage Part have special meaning. Refer to Section IV – Definitions. Other words and phrases that are not defined under this Coverage Part but defined in the "controlling underlying insurance" will have the meaning described in the policy of "controlling underlying insurance".

### SECTION I – COVERAGES

1. **Insuring Agreement**

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" to which insurance provided under this Coverage Part applies.

   We will have the right and duty to defend the insured against any suit seeking damages for such "injury or damage" when the applicable limits of "controlling underlying insurance" have been exhausted in accordance with provisions of such "controlling underlying insurance".

   When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other suit seeking damages for "injury or damage".

   However, we will have no duty to defend the insured against any suit seeking damages for which insurance under this policy does not apply....

2. **Exclusions**

   The following exclusions, and any other exclusions added by endorsement, apply to this Coverage Part. In addition,

the exclusions applicable to any "controlling underlying insurance" apply to this insurance unless superseded by the following exclusions, or superseded by any other exclusions added by endorsement to this Coverage Part.

### d. Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

### SECTION IV – DEFINITIONS

The definitions applicable to any "controlling underlying insurance" also apply to this insurance. In addition, the following Definitions apply.

1. "Controlling underlying insurance: means any policy of insurance or self-insurance listed in the Declarations under the Schedule of controlling underlying insurance."

4. "Injury or damage" means any injury or damage, covered in the applicable "controlling underlying insurance" arising from an "event".

31.  The Arch Excess Policy contains a schedule of Controlling Underlying Insurance which provides in pertinent part:

### COMMERCIAL EXCESS LIABILITY
### SCHEDULE OF CONTROLLING UNDERLYING INSURANCE

Policy No.          XPFXS0042501

Name Insured:       CER-CAD ENGINEERING RESOURCES

| INSURER, POLICY NUMBER AND POLICY PERIOD | TYPE OF COVERAGE |
|---|---|
| **Insurer's Name** <br> ARCH INSURNACE COMPANY <br><br> **Policy Number** <br> SPPKG0042501 | **General Liability** <br> X – Occurrence |

Page 9 of 11

LSS501.19179 / MGD-CHC

Case 3:15-cv-00626   Document 1   Filed 06/05/15   Page 9 of 11 PageID #: 9

**Policy Period**
03/01/13 to 03/01/14

32. Arch's rights under the policy(s) have been called into question and, by this Petition; Arch seeks a declaration of its rights and obligations with respect to the aforesaid "Amended Underlying Complaint."

33. The claims and damages alleged by Wagner in the "Amended Underlying Complaint" are not covered under the Commercial General Liability Policy pursuant to one or more of the above terms, conditions, exclusions and/or Endorsements.

34. The claims and damages alleged by Wagner in the "Amended Underlying Complaint" are not covered under the Excess Policy pursuant to the terms, conditions, exclusions and Endorsements contained in and/or applicable to the Excess Policy.

35. Arch desires a finding by this Court that under the above referenced policy(s) of insurance, Arch has no duty to defend or indemnify CER in connection with the "Amended Underlying Complaint" because the claims alleged by Wagner against CER are not covered under the Policy(s) pursuant to the foregoing terms and exclusions contained therein.

36. There exists an actual controversy between Arch and CER and Wagner in the "Amended Underlying Complaint" concerning their rights and duties in that Arch contends that it does not have a duty to defend CER against the claims made in the "Amended Underlying Complaint" and that it does not have to indemnify CER for any damages arising from the "Amended Underlying Complaint" filed by Wagner.

37. There is a bona fide actual present and practical need for the declaration that no coverage exists under the policy(s) and a determination of the rights and obligations of Arch.

LSS501.19179 / MGD-CHC

Case 3:15-cv-00626   Document 1   Filed 06/05/15   Page 10 of 11 PageID #: 10

38. In bringing this action for Declaratory Relief, should any of the underlying claims, allegations or suits be amended or should any other claims be asserted in connection with the matters which form the basis of the "Underlying Amended Complaint", Arch reserves the right to amend this Petition for Declaratory Relief to assert any and all its rights under the policy(s), all of which it continues to reserve.

WHEREFORE Petitioner Arch respectfully requests this court enter a judgment declaring that

    A) Arch has no duty to defend CER in connection with the "Amended Underlying Complaint" or the incident which forms the basis for the "Amended Underlying Complaint."

    B) Arch has no duty to indemnify CER in connection with any verdicts, judgments, or settlements in the "Amended Underlying Complaint" or the incident which forms the basis for the "Amended Underlying Complaint."

    C) Arch requests any and all other relief to which it may be entitled.

Respectfully submitted,

SHUTTLEWORTH, WILLIAMS, PLLC

BY: _____
CHRISTOPHER H. CRAIN (#019900)
MICHAEL G. DERRICK (#014820)
22 North Front Street, Suite 850
Memphis, Tennessee 38103
(901) 526-7399
Attorneys for Arch Insurance Company