IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RAYMOND LEE WAGNER, JR., ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:14-cv-1831 |
| v. ) | |
| ) | (Honorable Aleta A. Trauger) |
| INTERNATIONAL AUTOMOTIVE ) | |
| COMPONENTS GROUP NORTH ) | |
| AMERICA, INC. and CAD ENGINEERING ) | |
| RESOURCES, INC. d/b/a CER GROUP, ) | |
| N.A., INC., ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

COMES NOW, your Plaintiff, Raymond Lee Wagner, Jr., by and through counsel, and as his complaint against the Defendants say unto the following:

1. Plaintiff Raymond Lee Wagner, Jr., is a resident of Charleston County, South Carolina and at the time of the acts herein complained of, was a resident of Robertson County, Tennessee.

2. Defendant, International Automotive Components Group North America, Inc., (hereinafter "IAC") is a for profit business, organized under the laws of Delaware and registered to do business in the State of Tennessee. IAC can be served through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710. Defendant IAC operates a facility located at 801 Bill Jones Industrial Drive, Springfield, Tennessee, 37172-5014 (hereinafter the "Springfield Plant.")

3. Defendant, CAD Engineering Resources, Inc. d/b/a CER Group, NA, (hereinafter "CER") is a for profit business, actively engaged in business in the State of Tennessee and can be served through the Secretary of State at its principal place of business, located at 6670 Burroughs Avenue, Sterling Heights, Michigan 48314.

4. Upon information and belief, at all times herein mentioned the Plaintiff was an employee of TrueBlue, Inc. d/b/a Labor Ready (hereinafter "TrueBlue").

5. Plaintiff was hired by a third party, TrueBlue and Defendants did not participate in the hiring of Plaintiff. At no time herein mentioned did Plaintiff entered into a contract with Defendant IAC or CAD.

6. Upon information and belief TrueBlue entered into a contract with CER and/or IAC to provide services to IAC.

7. Plaintiff was paid directly by TrueBlue, and was not compensated directly by any of the named Defendants.

8. TrueBlue retained the ability to control the work to be performed by Plaintiff. TrueBlue was responsible for disciplining Plaintiff and its other employees, including the right to terminate the Plaintiff.

9. At the Springfield Plant, IAC manufactures certain automobile components that are subsequently placed into newly manufactured automobiles.

10. On or about August 11, 2013 Plaintiff was performing tasks at IAC along with an employee of IAC and/or CER.

11. Upon information and belief, Defendant IAC and/or Defendant CER selected the IAC/CER employee to perform work alongside Plaintiff at the Springfield Plant.

12. On or about August 11, 2013, the Plaintiff was performing work for TrueBlue at IAC Springfield Plant in a non-negligent manner when he was placing material into a machine used to form material into a certain permanent form (hereinafter the "mold press").

13. Due to the negligence of the Defendants and/or Defendants' employee, while the Plaintiff's body was inside of the mold press, the press resumed operation and came crushing down on the Plaintiff's body.

14. Defendants IAC and CER were negligent when they negligently hired the IAC/CER employee who operated the mold press, failed to train the employee who operated the press; failed to inform their employee of his duties and responsibilities; failed to adequately warn the Plaintiff of dangers at the worksite; and failed to provide a safe environment.

15. As a direct and proximate cause of the Defendant IAC and its employee's actions and/or the Defendant CER's and its employee's actions, the Plaintiff has suffered personal injury, endured physical and mental pain and suffering, incurred medical expenses, lost wages, lost earning capacity and has lost the enjoyment of life. His injuries are permanent in which case his damages would continue.

16. In addition, Defendant IAC was negligent when it allowed the mold press to operate in a defective manner or defective condition; failed to provide adequate safeguards to prevent Plaintiff from being directly exposed to the mold press; and negligently maintained the machine, resulting in the catastrophic event that injured the Plaintiff, on or about, August 11, 2014.

17. As a direct and proximate cause of the Defendants' actions, the Plaintiff has suffered personal injury, endured physical and mental pain and suffering, incurred medical expenses, lost wages, lost earning capacity and has lost the enjoyment of life. His injuries are permanent in which case his damages would continue.

18. Plaintiff further alleges that Defendant IAC was negligent *per se* when it violated Tenn. Code Ann. § 50-3-105.

19. Additionally, the occurrence which is the subject of this lawsuit is an event of a kind which ordinarily does not occur in the absence of negligence and is an incident of *Res Ipsa Loquitur*.

20. Defendant IAC and its employees had exclusive control over the ownership, installation, maintenance, and servicing of the machine at all times relevant to the occurrence.

21. The injury of the Plaintiff was not the result of any voluntary action or contribution on the part of the Plaintiff but was solely due to the negligence of Defendants or their employees.

22. Plaintiff has suffered bodily injuries and negligent infliction of emotional distress as a result of the occurrence, which would not have ordinarily occurred in the absence of negligence on the part of Defendant IAC and its employees and/or Defendant CER and its employees.

23. As a direct and proximate result of the negligence of Defendant IAC and its employees and/or Defendant CER and its employees, Plaintiff has incurred economic damages including, but not limited to, medical and hospital bills to date, he lost a significant amount of earnings and his earning capacity has been seriously and permanently impaired.

24. Because of the negligence of Defendant IAC and its employees and Defendant CER and its employees, Plaintiff has suffered serious and severe emotional injuries, including severe personal injuries that were sustained due to the occurrence. The negligence of Defendant IAC and its employees and Defendant CER and its employees was the actual and proximate cause of Plaintiff's emotional distress.

25. Because of the occurrence, Plaintiff has suffered serious emotional distress and mental anguish, which has affected his ability to conduct his day to day life and requires continuing treatment.

26. Plaintiff has suffered emotional distress and mental anguish in the past and will, in reasonable probability, continue to suffer the same in the future. Plaintiff has incurred reasonable and necessary medical expenses in the past, and will in reasonable probability, incur the same in the future.

27. Plaintiff alleges that as a direct and proximate result of the negligence of Defendant IAC and its employees and Defendant CER, he has suffered non-economic damages including, but not limited to, the following: time spent in the hospital; he has undergone numerous medical procedures; he has suffered much physical and mental pain and suffering and emotional distress; he has lost his ability to enjoy life and to live and function as he did prior to this accident; and his ability to work and enjoy life has been seriously and permanently impaired. The above cited damages are permanent. Plaintiff alleges that he is entitled to non-economic damages.

WHEREFORE, Plaintiff prays that he be awarded all damages recoverable by law, including compensatory damages, damages for personal injuries to Plaintiff Raymond Lee Wagner, Jr., including but not limited to pain and suffering, medical expenses, lost wages, loss of

earning capacity, loss of enjoyment of life, damages for permanent impairment in the amount of Two Million Eight Hundred Thousand Dollars ($2,800,000.00) and such other further and general relief as this equity of this cause may require and demands a jury to try the issues when joined.

/s/ Jeremy M. Cothern
Megan C. England (TN Bar No. 23617)
Jeremy M. Cothern (TN Bar No. 27166)

BERKE, BERKE & BERKE
420 Frazier Avenue
Post Office Box 4747
Chattanooga, Tennessee 37405
Tel: (423) 266-5171| Fax: (423) 265-5307
Email: megan@berkeattys.com
       jeremy@berkeattys.com

*Attorneys for Raymond Lee Wagner, Jr.*

Page 6 of 6

Case 3:14-cv-01831  Document 26  Filed 10/24/14  Page 6 of 6 PageID #: 101

Case 3:15-cv-00626   Document 1-4   Filed 06/05/15   Page 6 of 6 PageID #: 135